# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **TONY ZAQUECE WHEELER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09CV585 |
| | ) | |
| **ALVIN W. KELLER, JR.,** | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, seeks to challenge a prior state court conviction via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 27, 2004, in the Superior Court of Rockingham County, Petitioner was convicted of felony possession of cocaine in case 03 CRS 53577. He was given a suspended prison sentence of five to six months and 24 months of probation. (Docket No. 8, Ex. 2.) State records show that the sentence was abated on September 14, 2005. (*Id.*, Ex. 1.)

On May 10, 2007, Petitioner was convicted of cocaine distribution in this Court. (Case No. 1:06CR323-1.) He was later sentenced to 240 months of imprisonment. Petitioner states that part of the reason for the length of his federal sentence was the prior state court conviction that he now seeks to challenge. Petitioner filed a motion for appropriate relief addressing the state court conviction in the Superior Court of Rockingham County on December 28, 2007. When this was denied, he unsuccessfully sought a writ of certiorari

from the North Carolina Court of Appeals before filing his habeas petition in this Court. His first habeas petition was dated as being mailed on July 14, 2009, and was received by the Court on July 16, 2009. (Case No. 1:09CV542.) It was recommended that the petition be dismissed due to certain deficiencies, but Petitioner was given permission to refile his petition. He then submitted his current petition. Respondent has moved to have the petition dismissed.

## Discussion

Respondent has moved for dismissal on two grounds. First, it argues that the Court lacks jurisdiction because Petitioner was no longer in custody for his state conviction at the time that he first submitted a habeas petition to this Court. In order to seek habeas relief, a petitioner must be in state custody. 28 U.S.C. § 2254. If a petitioner is not in state custody, the Court does not have subject matter jurisdiction over his petition. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Once a sentence has fully expired, a petitioner is no longer considered "in custody" for purposes of 28 U.S.C. § 2254. *Id*. This is true even where, as here, the conviction may be used to enhance future sentences. *Id*. Petitioner's sentence expired on September 14, 2005, which is long before he first filed in this Court in July of 2009. The current petition should therefore be dismissed because Petitioner fails to meet the custody requirement of § 2254.

Even if the Court were to somehow find that it had jurisdiction over this matter, the petition would still have to be dismissed. This is because the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review.[2] *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. *Clay v. United*

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[2] The time period can start running at other points such as at the discovery of new, formerly undiscoverable evidence, or certain changes in law. 28 U.S.C. § 2244(d). None of Petitioner's claims are of this nature. Two of his three claims rely on facts and law that existed and could have been known to him at the time his conviction became final. The one exception is his third claim for relief, which alleges ineffective assistance of counsel during the motion for appropriate relief proceedings. This is not a proper claim for relief. There is no right to counsel and, therefore, no way to allege ineffective assistance of counsel, in post-conviction and habeas proceedings. *See Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995).

*States*, 537 U.S. 522 (2003); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. *See Clay*, 537 U.S. 522. Here, Petitioner was convicted and sentenced on April 27, 2004. He did not appeal. His time to file an appeal, if he had the right to one,[3] expired fourteen days later in May of 2004. N.C.R. App. P. 4(a)(2). Although his time to file a habeas petition began to run at that point, Petitioner filed nothing in this Court until July of 2009. This is more than four years after his year to file expired in May of 2005.

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. *Harris*, *supra*. It is also true that Petitioner did eventually seek collateral review in the state courts. However, he did not do so until December of 2007, well after his time to file in this Court had already expired. Attempts at collateral relief which are filed after the AEDPA time limit has already expired do not restart or revive the filing period. *Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000). Petitioner's habeas petition was filed well out of time under AEDPA.

Finally, the Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. *Harris*, *supra*; *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when

---

[3] Respondent argues that Petitioner had no right to a direct appeal under North Carolina law. It makes no difference in this case.

there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, *supra*; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Petitioner has presented no grounds for equitable tolling and none are apparent from the record before the Court. The habeas petition should alternatively be dismissed for being time-barred.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 7) be granted, that the habeas petition (Docket No. 2) be dismissed, and that Judgment be entered dismissing this action.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 9, 2010